IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER TAN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant | § | |

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I.   PARTIES

1. Tan is a resident of Tarrant County, Texas.

2. American Airlines, Inc., ("AA") is an airline also located in Tarrant County, Texas.

II.   SERVICE OF PROCESS

3. AA may be served by delivering a copy hereof, together with summons to the registered agent of AA, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

III.   JURISDICTION

4. (a)   Subject Matter

Subject Matter jurisdiction in this case arises under 28 U.S.C. § 1331 (federal question because of the numerous violations of federal law by AA).

(b)   *In personum*

1

*In personum* jurisdiction properly lies in the Fort Worth Division of the Northern District of Texas because AA does business there.

IV.    VENUE

5. Venue is proper in the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391 (b) (1) because AA resides in this district and division.

V.    FACTS

6. Tan was a senior project manager for AA for many years and got good reviews for all of those years except one that she refused to sign because it was unwarranted.

7. Tan was wrongfully terminated from AA in early July.  She received her "right to sue" letter on July 10, 2020.  Thus, she has exhausted administrative remedies, and this suit is timely.

8. The reason for the termination was that Tan complained to the AA ethics hotline of two AA supervisors, Karen Churchill and Preston Peterson.  The reasons for the complaints were legitimate; however, they were ignored by AA, and thus, Tan was the subject of retaliation.

9. Tan was well qualified for her job and has an Associate's Degree from a community college.

VI.    CAUSES OF ACTION

10. The conduct of AA constitutes (1) a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101; (2) it also constitutes a violation of the federal anti-retaliation statute, 42 U.S.C. 2000e – 3 (a); (3) the conduct of AA also constitutes national origin discriminations (Tan is Filipino) in violation of 42 U.S.C. § 2000e – 2; (4) sex

2

discrimination (Tan is female) in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, *et. seq.*  Thus, Tan is a member of the following protected classes: (1) disabled; (2) subject of retaliation; (3) national origin; and (4) sex (female).

### VII.   COMPENSATORY DAMAGES

11. Because her termination was recent, Tan's back pay is fairly nominal as of now but will grow over the course of the litigation.  She suffered extreme emotional distress, mental anguish, and reduced ability to enjoy life.  These sorts of damages are inherently unliquidated and subject to the discretion of the jury but are expected to be more than $300,000.  Tan requests judgment for same.

### VIII.   EXEMPLARY DAMAGES

12. Tan restates the paragraph above.  Because the conduct of AA was malicious and intentional, Tan will be entitled to an award of exemplary damages.  Tan requests judgment for the maximum amount of exemplary damages allowed by Tex. Civ. Prac. & Rem Code § 41.008.

### IX.   ATTORNEYS' FEES

13. Tan is entitled to an award of attorneys' fees under the federal statutes cited above.  These are estimated to be (1) $80,000 through the jury trial; (2) an additional $70,000 in the event of an appeal to the court of appeals; and (3) an additional $70,000 in the event any party seeks review in the Supreme Court of the United States.  Tan requests judgment for same.

### X.   PRAYER

WHEREFORE, Tan prays (1) that AA answer or otherwise suffer default; (2) that Tan be awarded the compensatory damages requested above; (3) that Tan be awarded the exemplary damages requested hereinabove in order to deter AA and other persons and entities of similar ilk from engaging in such outrageous conduct in the future; (4) that Tan recover attorneys' fees requested above; (5) that Tan be awarded court costs and all pre-judgment and post-judgment interest allowable by law; and (6) that Tan be awarded all other damages, whether general or special, at law or in equity to which she may show herself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.    (214)478-0152
Fax:    (214)481-1878
Web    www.boydstap.com

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Tan demands a jury trial on all issues.

4